# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3145 | **DATE** | 7/8/2004 |
| **CASE TITLE** | Sauer-Danfoss, Inc. vs. Hansen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion, Plaintiff's Motion to Remand [Doc. 6] is granted. Plaintiff is also awarded its costs and fees associated with seeking the remand pursuant to 28 U.S.C. § 1447(c). Plaintiff must submit its itemization of costs and fees by July 22, 2004. The Defendant is given until July 30, 2004 to file detailed objections to any of the fees and costs. If no objections are received by July 30, an order awarding fees and costs in the amount sought will be issued. Any and all other motions are moot and terminated. This case is CLOSED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 0 9 2004 date docketed | |
| | Notified counsel by telephone. | | | 13 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 JUL -8 PM 7:00 | JUL 0 9 2004 date mailed notice | |
| jar(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAUER-DANFOSS INC., | ) |
| Plaintiff, | ) No. 04 C 3145 |
| | ) |
| v. | ) HONORABLE DAVID H. COAR |
| | ) |
| NIELS ERIK HANSEN. | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the motion of Plaintiff Sauer-Danfoss, Inc. ("Plaintiff") to remand the case to state court. Defendant Niels Erik Hansen ("Defendant" or "Hansen") opposes the Motion.

## BACKGROUND

Plaintiff filed this lawsuit in the Circuit Court for the Nineteenth Judicial Circuit of Illinois in Lake County on November 13, 2003. The complaint alleges that Defendant Hansen accepted a position with one of Plaintiff's competitors in breach of his employment agreement with Plaintiff.

Plaintiff had considerable difficulty serving the Defendant with the state court complaint. Under Illinois law, plaintiffs ordinarily have two options for serving defendants with process: personal service or abode service. 735 ILCS 5/2-203. However, if service upon an individual defendant using either of those methods "is impractical", Illinois law permits the plaintiff to move for an order directing a comparable method of service. 735 ILCS 5/2-203.1. On January 10, 2004 and January 18, 2004, the Plaintiff's process server went to Defendant's residence at

1

4431 Pebblecreek Lane in Long Grove, Illinois in attempts to effectuate service. On January 10, 2004, the process server heard movement inside the house as well as a voice saying "don't you dare answer the door." On January 18, 2004, the process server saw a female in the residence after he rang the doorbell; he also saw two persons, a male and a female, in the second-floor window of the house. When he informed these persons that he had a court summons for Mr. Hansen, they retreated inside the house.

On February 3, 2004, Plaintiff moved for a special order of court directing comparable method of service pursuant to 735 ILCS 5/2-203.1. The state court granted the motion on February 11, 2004; it permitted Plaintiff to effectuate service through: mailing a copy of the Complaint to Defendant's business address in Winnipeg, Canada; attaching the Complaint to the Defendant's residence in Lake Grove; and mailing the Complaint to the Defendant's residence in Lake Grove. On February 14, 2004, a "Dorrit Hansen" (the Defendant's spouse) signed to receive a copy of the complaint that was sent through certified mail. On February 17, 2004, Plaintiff's process server attached a copy of the Complaint to the front door of Defendant's Lake Grove residence.

On March 16, 2004, Defendant entered a special and limited appearance in the state court for the purpose of quashing the alternative service ordered by the state court.[1] Defendant contended that the affidavit supporting the motion for alternative service was insufficient under Illinois law. On May 3, 2004, prior to the Prior to the state court ruling on Defendant's Motion

---

[1] The Court does not know why Defendant Hansen represented in his supplement to the notice of removal that he filed these documents on April 21, 2004. The clerk of the Circuit Court's file stamp clearly reads March 16, 2004 on Defendant's appearance filing. The file stamp on the motion to quash is scarcely legible, but the month is clearly "MAR". Although it is unclear that Defendant Hansen is entitled to the benefit of the doubt that this was an inadvertent error, the Court will nevertheless assume it to be so.

2

to Quash (which was scheduled for May 5, 2004), Defendant filed his notice of removal in federal court pursuant to 28 U.S.C. § 2246.

This Court sua sponte ordered Defendant to supplement his notice of removal to explain why the removal was timely. Plaintiff simultaneously filed the Motion to Remand that is presently before the Court. Both parties concede diversity of citizenship and that the amount in controversy exceeds $75,000. The only issue presented in Plaintiff's Motion to Remand is whether Defendant's Notice of Removal was timely.

## I. DISCUSSION

Federal law requires all notices of removal from state court to be filed within thirty days of the time that the defendant ascertains that the case is removable. 28 U.S.C. § 1446(b). The thirty day requirement is jurisdictional and cannot be waived. As with all potential jurisdictional defects, the burden of proof rests with the party seeking to establish federal jurisdiction; in this case, that is the Defendant.

Defendant contends that his removal was timely for two reasons: (1) he claims that he was never properly served with process in State Court; and (2) he did not receive notice that the amount in controversy exceeded $75,000 until the Plaintiff filed a Motion for a Writ of Attachment on April 30, 2004. The Court will address each argument separately.

### A. State Court Service of Process

As described above, the Plaintiff made reasonable efforts to obtain service in the prescribed manner under Illinois law. The residence where plaintiff's process server sought to serve Defendant is without question both the home of his wife, Dorrit Hansen and the address where a vehicle with Illinois license plates is registered to the Defendant. Plaintiff also believes

3

(and Defendant does not deny) that this is Defendant's residence as well.[2] When Plaintiff's efforts to serve were thwarted by Defendant's deliberate avoidance of service, Plaintiff sought leave of the Court to effectuate service through an alternative means. The Court granted Plaintiff's motion. By February 17, 2004, Defendant's wife had signed for the certified mail containing a copy of the Complaint and summons and a copy of the Complaint and summons had been attached to the front door of his residence in Lake Grove, Illinois. This Court harbors no doubts that this service was proper under Illinois law. Consequently, Defendant's contention that he never received proper service is without merit.

Moreover, in a case such as this, where the defendant has been served pursuant to a state court order, the Court doubts whether the Defendant's contention that such service was improper under the state's rules should have any effect on the time for filing a notice of removal. If it was clear from the state court complaint that the case was removable (a subject that will be addressed below), then the Defendant is confronted with the choice to either remove the case within thirty days to federal court or to fight the complaint (including the method of service) in state court. This case is easily distinguishable from Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), a case on which Defendant relies. In Murphy Brothers, the defendant received a faxed copy of the complaint some two weeks before receiving actual service. The Supreme Court held that it was the date of actual service that began the clock for removal, not the date of receipt of the fax. Here actual service was achieved on February 17, 2004. Provided that the complaint contained information sufficient for the Defendant to ascertain the case was

---

[2]Defendant tries to obfuscate this issue by asserting that he is domiciled in Winnipeg, Manitoba and a citizen of Denmark. Those facts are not relevant to service if his primary residence is in Lake Grove, Illinois.

4

removable, he had thirty days from that date to decide whether to remove the case to federal court.

### B.     Notice of the Amount in Controversy

The other issue is whether the complaint was sufficient for the Defendant to ascertain that the amount in controversy exceeded $75,000, the jurisdictional requirement. The complaint specifies that the amount in controversy exceeds $50,000 (which is the jurisdictional requirement for circuit court filings in Illinois), but on its face it does not specify that the amount exceeds $75,000. Defendant asserts that he did not know that the amount in controversy exceeded $75,000 until Plaintiff filed its Motion for a Writ of Attachment on April 30, 2004, which stated that the claimed damages for each count were at least $347,884.53.

The two-count state court complaint alleges that Defendant breached an Employment Agreement with the Plaintiff. It alleges that the Agreement specified that, in the event of a breach, the Defendant was required to repay immediately all of the moneys he had received under the agreement. The Agreement set forth an annual salary for Defendant of more than $300,000. Because Defendant allegedly breached the Agreement nine months into its term, the amount of salary at issue was well over $75,000. Plaintiff did not attach the employment agreement between the parties to its state court complaint because the Agreement itself contained a confidentiality provision, the violation of which would be tantamount to a breach. Plaintiff did allege in the Complaint, however, that no prejudice would enure to the Defendant due to the failure to attach the Agreement because "both parties have copies of said Agreement in their possession." Defendant clearly had the Agreement in his possession because he attached a copy of it to a second federal lawsuit he filed on the same day he removed this case to federal court. See Complaint at Ex. C, Hansen v. Sauer-Danfoss, Inc., (N.D. Ill. 2004) (No. 04 C 2579)

5

(filed May 3, 2004).

In this case, this Court finds that the Employment Agreement, though not attached to the Complaint, was incorporated by reference into the Complaint itself. There can be no doubt that the Defendant was in possession of the Employment Agreement at the time he received service of the state court complaint. Consequently, Defendant had notice that the amount in controversy was above the jurisdictional amount on the date that he received service. Because that date (February 17, 2004) was more than thirty days before Defendant filed his Notice of Removal to federal court on May 3, 2004, Defendant's Notice of Removal is untimely.

Defendant attempts to seek refuge in the Local Rule of this court that governs removals and remands. Local Rule 81.2 requires that in the event that a state court complaint does not contain an express *ad damnum* in an amount exceeding $75,000, defendants seeking to remove the case must also include: (1) a statement by the defendant that it is his good faith belief that the amount in controversy exceeds the jurisdictional amount; and (2) either a response to an interrogatory from the Plaintiff or a response to a request for admissions from the Plaintiff that indicates the amount in controversy exceeds the jurisdictional amount. See Loc. R. 81.2. This Local Rule is designed to protect Defendants from Plaintiffs who are playing jurisdictional games to thwart removal. It gives Defendants who are genuinely uncertain whether the amount in controversy exceeds the jurisdictional amount a clear method to ascertain whether the case is removable.

In this case, the Defendant, who knew all along that the case was removable, is playing the jurisdictional games. After deliberate attempts to avoid service in the state court, the Defendant began a legitimate effort to contest the alternative service provided in the state court. Two days before the state court was set to rule on the service issue, Defendant untimely removed

the action to federal court. The narrow Local Rule governing removals is not meant to extend the jurisdictional deadline for filing timely notices of removal, nor could it extend that deadline. See Weigand v. Paul Revere Life Ins. Co., No. 97 C 8880, 1998 WL 142365 (N.D. Ill. Mar. 19, 1998) (citing Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1046 (2d Cir.1991)) (local rules for removal "must be read in conjunction with 28 U.S.C. §1446(b) and cannot conflict with or override the statute"). Moreover, Defendant's assertion that he was waiting to remove the case until he could comply with the Local Rule is unavailing because he *still* did not comply with Local Rule 81.2 in that he failed to submit an answer to interrogatories or a response to a request to admit that shows the amount exceeds $75,000.

Defendant had notice that the amount in controversy of this case was over $75,000 at the time he received service of the state court complaint. From February 17, 2004, he had thirty days to decide whether to remove the case to federal court. When that time lapsed, so did his access to federal court on Plaintiff's state court complaint.

### C. Award of Costs

Plaintiff's Motion to Remand also requests that it be awarded its "just costs and any actual expenses, including attorney fees incurred as a result of the [improper] removal" pursuant to 28 U.S.C. § 1447(c). This Court finds that an award of costs and attorney fees is appropriate in this case. Defendant's removal was not only untimely, but it appears to have been calculated to further frustrate the interests of justice by imposing needless delay. This will not be tolerated. Plaintiff will have until July 22, 2004 to submit an itemization of fees and costs and to serve it on the Defendant. Thereafter, the defendant shall have until July 30, 2004 to file detailed objections to any items sought. If no objections are filed by July 30, an order awarding fees and costs in the amounts sought will be issued without further notice.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Remand is granted. The case will be remanded to the Circuit Court of Lake County and the Plaintiff is entitled to recover the costs and fees associated with seeking the remand.

**Enter:**

David H. Coar
**David H. Coar**
**United States District Judge**

**Dated: July 8, 2004**