# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3145 | **DATE** | 7/29/2004 |
| **CASE TITLE** | Sauer-Danfoss, Inc. vs. Hansen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Alter or Amend

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion, Defendant's Motion to Alter or Amend is denied. Plaintiff is also awarded its costs and fees associated with defending this motion pursuant to 28 U.S.C. § 1447(c). Plaintiff must submit a supplemental itemization of costs and fees by August 5, 2004. The Defendant is given until August 14, 2004 to file detailed objections to any of the supplemental fees and costs. If no objections are received by August 14, an order awarding supplemental fees and costs in the amount sought will be issued. This case is CLOSED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 30 2004 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| jar(lc) | courtroom deputy's initials | 2004 JUL 29 PM 8:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAUER-DANFOSS INC., | ) |
| | ) No. 04 C 3145 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| NIELS ERIK HANSEN. | ) |
| | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JUL 3 0 2004

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant's Motion to Alter or Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion in its entirety and awards Plaintiff costs and fees associated with defending the motion.

### I. BACKGROUND

On July 8, 2004, this case was remanded back to state court because the Defendant, Niels Erik Hansen, did not timely file his notice of removal. At the time of the untimely removal, the Defendant had filed a special and limited appearance in state court for the purposes of quashing the service of process against him. The Plaintiff had obtained leave of the court to seek an alternative form of service because the Defendant was deliberately avoiding Plaintiff's efforts to obtain service. Defendant removed the case to this court the day before the state court was set to rule on the service issue.

Defendant received alternative service pursuant to the court order on February 17, 2004.

1



This would have given him until March 18, 2004 to remove the case to federal court; Defendant did not remove the case until May 3, 2004. The removal was therefore untimely and the case was remanded back to state court.

## II.  DEFENDANT'S RULE 59 MOTION

Defendant now has filed a motion to alter or amend the order remanding the case to state court. Subsequent to the remand order, on July 20, the state court quashed the order granting the Plaintiff permission to obtain service through an alternative method. Defendant asserts that the Court should either vacate its remand order in its entirety because the service was faulty or vacate that portion of the order awarding Plaintiff costs and fees incurred in seeking the remand.

As this Court noted in its order remanding the case to state court, the propriety of the service under state rules in this case did not alter the time for filing a notice of removal. "If it was clear from the state court complaint that the case was removable (a subject that will be addressed below), then the Defendant is confronted with the choice to either remove the case within thirty days to federal court or to fight the complaint (including the method of service) in state court." Order of July 8, 2004, at 4. The subsequent determination that the state court method of service was untimely provides no basis for this Court to vacate the order in its entirety.

Defendant alternatively moves this Court to vacate that portion of its order awarding Plaintiff costs and fees incurred in seeking the remand. The state court ruling on the propriety of the alternative method of service is of no particular moment to the decision to award Plaintiff recovery of its costs and fees seeking the remand. Defendant untimely and improperly filed a notice of removal and this Court awarded Plaintiff its costs and fees associated with seeking a remand. Subsequent developments are completely irrelevant to this court.

Plaintiff urges the Court to award its fees and costs in defending against the instant motion. Since the removal remains improper and defending this Motion was part of Plaintiff's duties in obtaining the remand, the Court will additionally award Plaintiff its reasonable fees and costs associated with responding to this motion. Plaintiff will have until August 5, 2004 to submit a supplemental itemization of fees and costs. Defendant is given until August 13, 2004 to file detailed objections, if any, to Plaintiff's supplemental itemization of fees and costs.[1]

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: July 29, 2004**

---

[1] Defendant is reminded that it has until July 30, 2004 to file its objections to the original itemization of fees and costs that Plaintiff submitted on July 22, 2004. If no objections to the original itemization is received by that date, the Defendant waives the right to make any such objections.