# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3145 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Sauer-Danfoss, Inc. vs. Niels Erik Hansen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Itemizations of Fees and Costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the attached memorandum, Defendant's Objections to Plaintiff's Supplemental Itemization of Fees and Costs [Doc. 20] are sustained in part and overruled in part.  For the permissible fees and costs in Plaintiff's Itemization of Fees and Costs [Doc. 15] and Plaintiff's Supplemental Itemization of Fees and Costs [Doc. 19], Defendant is ordered to pay Plaintiff $10,927.00.  Said amount shall become part of the judgment entered in this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | 21 |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | date mailed notice | |
| | jar(lc) | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
2004 AUG 25 PM 6:44

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAUER-DANFOSS INC.,                      )
                                         )    No. 04 C 3145
                     Plaintiff,          )
                                         )    HONORABLE DAVID H. COAR
          v.                             )
                                         )
NIELS ERIK HANSEN.                       )
                                         )
                                         )
                     Defendant.          )

DOCKETED
AUG 2 6 2004

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the Defendant's objections to Plaintiff's
Supplemental Itemization of Fees and Costs. For the reasons set forth below, Defendant's
objections are sustained in part and overruled in part. Plaintiff is awarded a total of $10,927.00
in fees and costs.

### I.    PLAINTIFF'S ORIGINAL ITEMIZATION OF FEES AND COSTS

In an order dated July 8, 2004, this Court remanded this proceeding to state court and
awarded Plaintiff the recovery of its fees and costs with respect to the Motion to Remand.
Plaintiff timely submitted its itemization of fees and costs. Defendant did not object to any of
the fees and costs itemized therein. Consequently, this Court orders Defendant to pay Plaintiff
$6,706.00 in fees and costs associated with obtaining a remand of the improperly removed case.

### II.   PLAINTIFF'S SUPPLEMENTAL ITEMIZATION OF FEES AND COSTS

On July 21, 2004, Defendant filed a Motion for Reconsideration of this Court's order
remanding the case to state court. On July 29, 2004, the Motion was denied and Plaintiff was
awarded recovery of its fees and costs with respect to defending the Motion for Reconsideration.

1

Defendant now objects to some of the items on Plaintiff's Supplemental Itemization of Costs and Fees. For the reasons set forth below, Defendant's objections are sustained in part and overruled in part.

### A.     Hours of Douglas Weems prior to July 22, 2004

Defendant objects to the inclusion of time charges for the work of Douglas Weems on July 13, July 19, July 20, and July 21 in the Plaintiff's Supplemental Itemization of Costs. It is clear from the description that the work Weems performed on these dates was in connection with the original itemization of fees and costs on July 22. Those fees and costs would have been recoverable if they had been included in the original itemization of fees and costs, but Plaintiff's attempt to recover those fees in its supplemental itemization is improper. Plaintiff can only recover those fees and costs associated with defending Defendant's Motion for Reconsideration that are contained in its supplemental itemization of fees and costs. Plaintiff's attempt to recover fees associated with work performed prior to Defendant's filing of its Motion for Reconsideration must be denied as untimely.

### B.     Hours of Douglas Weems on July 26, July 27, and July 28

Defendant objects to Plaintiff's recovery of fees for 3.5 hours of work performed by Douglas Weems on July 26, 27, and 28 because some portion of that time was spent on telephone conferences with an attorney who represents the Plaintiff in state court. This Court does not instruct parties how to conduct their defense of motions. Provided that the description of the work is reasonably specific and the work is related to the defense of the motion in this Court, recovery of those fees is permissible. Mr. Weems' entries on July 26, 27 and 28 are reasonably specific and related to the defense of the Motion for Reconsideration. Defendant's objection to these hours is overruled.

2

### C.  Hours of Joshua Dickinson

Defendant registers two separate objections to Mr. Dickinson's hours. The first is that none of his hours should be allowed because the filing of a Memorandum of Law in opposition to Defendant's Motion for Reconsideration was unnecessary. This objection cannot stand. Parties are not permitted to control the course of their opposition's response to their motions. The second objection is that work performed by Mr. Dickinson on July 26 and July 29 was unnecessary. According to Plaintiff's Supplemental Itemization of Fees and Costs, on July 26, Mr. Dickinson spent 1.00 hours reviewing the Motion for Reconsideration, conferencing with Mr. Weems, and participating in a telephone conference with counsel for Plaintiff in state court about the Motion for Reconsideration. The Court finds nothing objectionable in this billing. On July 29, Mr. Dickinson spent 0.40 hours conferencing with Mr. Weems and reviewing the order denying the Motion for Reconsideration. This, too, is not an objectionable item on Plaintiff's Supplemental Itemization of Fees and Costs. Defendant's objections to the hours of Joshua Dickinson are all overruled.

### D.  Hours of Cardelle Spangler

Plaintiff's Supplemental Itemization of Costs and Fees seeks an award of fees for work performed by Cardelle Spangler on July 21 and July 22. It is clear from the description of the work performed on those dates that it was in connection with the original award of fees and costs, not in connection with defending the Motion for Reconsideration. For the same reasons the Court sustained Defendant's objections to Mr. Weems' hours before July 22, the Court will sustain Defendant's objections to Cardelle Spangler's hours.

### E.  Hours of John Dickman

Defendant objects to recovery for work performed by Mr. Dickman on July 28 on the

grounds that it is duplicative of the work he performed on July 29. On July 28, Mr. Dickman spent 1.0 hours of work preparing for his court appearance on July 29. On July 29, Mr. Dickman spent 1.25 hours of work preparing for his court appearance, appearing in court, and reviewing the court's order. This is all reasonable and specifically described in the supplemental itemization of costs and fees. Defendant's objection to Mr. Dickman's hours is overruled.

### III.    ARITHMETIC

Plaintiff is entitled to an award of $6,706.00 in connection with its original Itemization of Fees and Costs. It sought recovery of $5,584.75 in connection with its Supplemental Itemization of Fees and Costs. This Court sustained Defendant's objections to recovery for 4.25 hours of work performed by Mr. Weems on July 13, July 19, July 20, and July 21, and for 1.25 hours of work performed by Cardelle Spangler on July 21 and July 22. Mr. Weems' regularly hourly rate is $235 per hour, so the total recovery from the Supplemental Itemization of Fees and Costs will have to be reduced by $998.75 ($235 x 4.25 hours) to account for the sustained objections to his hours. Ms. Spangler's regularly hourly rate is $300.00, so the total recovery from the Supplemental Itemization of Fees and Costs will have to be further reduced by $375.00 ($300 x 1.25 hours) to account for the sustained objections to her hours. The total allowable award from the Supplemental Itemization of Fees and Costs is $4,221 ($5,584.75 – $988.75 – $375.00). The sum of the two awards is $10,927.00 ($4,221.00 + $6,706.00).

4

## CONCLUSION

For the reasons set forth above, Defendant is hereby ordered to pay Plaintiff $10,927.00 in costs and fees.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: August 25, 2004**